UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ETHAN DOYLE HINDS<br>    *Plaintiff*, | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| NATIONAL GENERAL ASSURANCE<br>COMPANY<br>    *Defendant*. | §<br>§<br>§<br>§ | |

### DEFENDANT NATIONAL GENERAL ASSURANCE COMPANY'S
### NOTICE OF REMOVAL

Defendant National General Assurance Company ("Defendant") files this Notice of Removal and respectfully shows the following:

## I.
## BACKGROUND

1.1     On September 5, 2019, Plaintiff Ethan Doyle Hinds ("Plaintiff") filed this lawsuit in Orange County, Texas, against Defendant.

1.2     Plaintiff served Defendant with a copy of the Petition on or about September 9, 2019.

1.3     Defendant timely filed its original answer on September 30, 2019.

1.4     Defendant files this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

1.5     As required by Local Rule CV-81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit A, *Plaintiff's Original Petition*, a copy of the Citation by Certified Mail is attached as Exhibit B, *Defendant National General Assurance Company's Original Answer, Special Exceptions, and Affirmative Defenses* is

attached as Exhibit C. A list of parties and Counsel and Other Information is attached as Exhibit D. A copy of this Notice is also being filed with the state court and served upon the Plaintiff.

1.6   Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Orange County, Texas, the place where the removed action has been pending.

## II.
## BASIS FOR REMOVAL

2.1   Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.   The Proper Parties Are Of Diverse Citizenship**

2.2   Plaintiff is and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Pl.'s Orig. Pet. at ¶ 1.

2.3   Both at the time the lawsuit was originally filed, and at the time of removal, Defendant was a corporation organized and existing under the laws of the State of Missouri with its principal place of business in North Carolina. Accordingly, Defendant is not a citizen of the State of Texas.

2.4   Because Plaintiff is a citizen of Texas and Defendant is not a citizen of Texas, complete diversity of citizenship exists among the parties.

**B.   The Amount in Controversy Exceeds $75,000.00**

2.5   This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00. In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, No. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's

case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish). Plaintiff alleges that Defendant breached its contract with Plaintiff and violated Chapters 541 and 542 of the Texas Insurance Code). *See* Pl.'s Orig. Pet. at ¶¶ 13-21. He seeks to recover actual damages, statutory penalties, exemplary damages, treble damages, pre- and post-judgment interest, and attorneys' fees and costs. *Id.* at ¶¶ 4, 14, 16, 21-22, 24, 27. Additionally, *Plaintiff's Original Petition* alleges that "PLAINTIFF currently seeks monetary relief over $200,000 but not more than $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." *Id*. at ¶ 4. Therefore, the total amount in controversy exceeds $75,000.

### III.
### CONCLUSION AND PRAYER

3.1     Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Defendant hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Harrison H. Yoss*
Harrison H. Yoss
Texas Bar No. 22169030
hyoss@thompsoncoe.com
Matthew J. Kolodoski
State Bar No. 24081963
mkolodoski@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L. L. P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:     (214) 871-8200
Fax:           (214) 871-8209

And

Christopher H. Avery
Texas Bar No. 24069321
cavery@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L. L. P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Fax: (713) 403-8299

**ATTORNEYS FOR NATIONAL GENERAL ASSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on October 8, 2019, a true and correct copy of the foregoing was delivered to the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Brandon P. Monk
THE MONK LAW FIRM
4875 Parker Drive
Beaumont, Texas 77705
Brandon@themonklawfirm.com
*Attorneys for Plaintiff Ethan Doyle Hinds*

*/s/ Matthew J. Kolodoski*
Matthew J. Kolodoski