FILED: 9/5/2019 9:49 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

Cause No. B190356-C

| | | |
|---|---|---|
| ETHAN DOYLE HINDS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | ORANGE COUNTY, TEXAS |
| | § | |
| NATIONAL GENERAL ASSURANCE | § | |
| COMPANY | § | 163rd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

ETHAN DOYLE HINDS, PLAINTIFF herein, files this Original Petition against Defendant NATIONAL GENERAL ASSURANCE COMPANY (hereinafter referred to as DEFENDANT), and for cause would show as follows:

### I. THE PARTIES

1.  ETHAN DOYLE HINDS is a resident who resides in Orange County, Texas. The last three digits of Plaintiff's driver's license number are 920. The last three digits of Plaintiff's Social Security number are 777.

2.  Defendant, NATIONAL GENERAL ASSURANCE COMPANY, is a company duly licensed to sell policies of insurance in the State of Texas. Defendant maintains an agent for service of process in the State of Texas. Service of citation may be had on Defendant by serving its agent of service by certified mail return receipt requested as follows: NATIONAL GENERAL ASSURANCE c/o Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### II. DISCOVERY

3.  This case is intended to be governed by Discovery Level 2.

Page | 1

**EXHIBIT A**

### III. CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. PLAINTIFF currently seeks monetary relief over $200,000 but not more than $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees

### IV. JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6. Venue is proper in Orange County because all or a substantial part of the events or omissions giving rise to the claim occurred in Hardin County. TEX. CIV. PRAC & REM CODE § 15.002 (a) (1). In particular, the loss at issue occurred in Orange County, Texas.

### V. FACTUAL BACKGROUND

7. PLAINTIFF is a named insured under a property insurance policy issued by NATIONAL GENERAL ASSURANCE COMPANY.

8. On or about August 22, 2017, Hurricane Harvey hit the Texas coast, including Orange, Texas area. A recreational vehicle (hereinafter referred to as "RV") you insured for PLAINTIFF was totally destroyed while it was insured. The cause of the loss was a covered event. Following receipt of the claim, you engaged in the following unfair settlement practices:

    a. Failed to provide a reasonable explanation for your partial denial of the claim.

    b. Failed to conduct a reasonable investigation with respect to the claim before you refused to pay the full claim value.

    c. Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement even though your liability to pay had become reasonably clear.

    d. Failed to fully adjust and assess the claim value resulting in partial payments.

**EXHIBIT A**

  e. Holding undisputed funds that are owed to the insured pending the result of an appraisal.

  f. Failing to participate in the appraisal process in good faith by suggesting appraisers unfamiliar with the retail market at or near the time of Hurricane Harvey or the replacement date of the RV for the insured.

  g. Failing to pay the insured their appraised price of $299,000.00 after having been provided with an appraisal report.

  h. Failing to determine the actual cash value of the item being appraised.

  i. Failing to use an appraiser within the market and with knowledge of the market to establish the value of the insured loss.

  j. Failing to make proper research other than engaging in "surfing the internet" to cherry pick data.

  k. Failing to consider all options or features of the insured property which resulted in underpayment.

  l. Failing to consider actual sales of New Prevost Conversions in determining the value of the insured loss.

9. DEFENDANT improperly denied and/or underpaid the claim.

10. The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11. This unreasonable investigation led to the underpayment of PLAINTIFF'S claim.

12. Moreover, NATIONAL GENERAL ASSURANCE COMPANY performed an outcome-oriented investigation of PLAINTIFF'S claim, which resulted in a biased, unfair and inequitable evaluation of PLAINTIFF'S losses on the property.

         VI. <u>CAUSES OF ACTION</u>

13. Each of the foregoing paragraphs is incorporated by reference in the following:

  A. <u>BREACH OF CONTRACT</u>

**EXHIBIT A**

14. NATIONAL GENERAL ASSURANCE COMPANY breached the insurance contract by wrongfully denying and/or underpaying the claim and PLAINTIFF was damaged thereby.

B. **PROMPT PAYMENT OF CLAIMS STATUTE**

15. The failure of NATIONAL GENERAL ASSURANCE COMPANY to pay the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq* of the Texas Insurance Code.

16. PLAINTIFF, therefore, in addition to PLAINTIFF'S claim for damages, is entitled to interest and attorney's fees as set forth in Section 542.060 of the Texas Insurance Code.

C. **BAD FAITH**

17. DEFENDANT is required to comply with Chapter 541 of the Texas Insurance Code.

18. DEFENDANT violated Section 541.051 of the Texas Insurance Code by:

(1) making statements misrepresenting the terms and/or benefits of the policy.

19. DEFENDANT violated Section 541.060 by:

(1) misrepresenting to PLAINTIFF a material fact of policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to PLAINTIFF a reasonable

Page | 4

**EXHIBIT A**

explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to PLAINTIFF or submit a reservation of rights to PLAINTIFF; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20. DEFENDANT violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

21 DEFENDANT knowingly committed the acts complained of. As such, PLAINTIFF are entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

D. **ATTORNEY'S FEES**

22. PLAINTIFF engaged the undersigned attorney to prosecute this lawsuit against DEFENDANT and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

23. PLAINTFF is entitled to reasonable and necessary attorney's fees

Page | 5

**EXHIBIT A**

pursuant to Texas Civil Practices and Remedies Code Sections 38.001-38.003 because they are represented by an attorney, presented the claim to DEFENDANT, and DEFENDANT did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

24. PLAINTIFF further pray they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

25. All conditions precedent to PLAINTIFF'S right to recover have been fully performed or have been waived by DEFENDANT.

## VIII. DISCOVERY REQUESTS

26. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within fifth (50) days after service of this request, the information or material described in Rule 194.2(a) -(l).

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays, that DEFENDANT be cited in terms of law to appear and answer herein and that, upon final hearing of the case, he recover all damages from and against DEFENDANT that may reasonably be established by a preponderance of the evidence, and that PLAINTIFF be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and for such other and further relief, general or special, at law or in equity, to which PLAINTIFF may show himself to be justly entitled.

**EXHIBIT A**

Respectfully submitted,

THE MONK LAW FIRM
4875 Parker Drive
Beaumont, Texas 77705
Phone:  (409) 724-6665
Fax:    (409) 729-6665
brandon@themonklawfirm.com

By: _____
BRANDON P. MONK
State Bar No. 24048668

ATTORNEYS FOR PLAINTIFF

Page | 7

**EXHIBIT A**